# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYELLE CAMPBELL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | 2:23-cv-00099-CB-KT |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | Magistrate Judge Kezia O. L. Taylor |
| THE COUNTY OF MERCER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Magistrate Kezia O. L. Taylor for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On March 3, 2025, the Magistrate Judge issued a Report (Doc. 51) recommending that Plaintiffs' Motion for class certification (Doc. 36) be denied. Service of the Report and Recommendation ("R&R") was made on the parties, and Plaintiffs have filed Objections. *See* Doc. 52. Defendant timely has submitted a Response, filed at Doc. 54.

Having conducted a de novo review, the Court will adopt the R&R and deny Plaintiffs' Motion. The Magistrate Judge's reasoning is thorough and sound, and it compels a denial of class certification. For the sake of clarity moving forward, the Court adds the following.

Footnote 1 of the Report highlights the oddity of Defendant's assertion of merits arguments, typically made under Rule 12 or Rule 56, in opposing class certification. The Court agrees with the sentiment, and – during case management discussions – Defendant might have urged that a dispositive motion be considered at the fore. This may have been proposed, but Judge Taylor and undersigned are not privy to the case management discussions.

Those were had by Magistrate Judge Lisa Pupo Lenihan, before she left the bench. To her credit, Judge Lenihan's Minutes note that she raised *Florence*[1] at the Initial Conference; and the case management plan was agreed on by the parties. *See* Doc. 22. In any event, Judge Taylor was correct to adjudicate only the Motion presented.

The analyses in *Florence* and its progeny significantly bolster her rejection of the class vehicle. Plaintiffs' central premise is fatally inconsistent with binding legal authority. The first paragraph of the operative Complaint reads:

> This is a class action brought to redress the [allegedly unconstitutional] uniform practice and procedure of strip searching all individuals who enter the [Jail] . . . *regardless of the crime upon which they are charged* and whether or not the detainees are pre-arraignment.

Am. Compl. (Doc. 15) at ¶ 1 (cleaned up, emphasis added). Although not addressed in the class definition, counsel also note that the policy applies regardless of whether there is "suspicion that [a detainee] might be carrying contraband," or whether a detainee's characteristics affect risk-level. *Id.* at ¶ 2. Counsel also claim, on information and belief, that a strip search is conducted "even if [a detainee is] to be held alone without any contact with other detainees." *Id.* But the putative class definition excludes reference to anything but the seriousness of the criminal charges:

> [The proposed class consists of all] persons who have been or will be placed into the custody of the Mercer County Jail after being charged with misdemeanors, summary offenses, violations of probation or parole, traffic infractions, civil commitments, or other minor crimes and were or will be subjected to strip searches prior to being arraigned and/or provided with a reasonable opportunity to post bail . . . .

---

[1] Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington, 566 U.S. 318 (2012).

*Id.* at ¶ 11.[2]

Plaintiffs' class definition targets an aspect expressly prohibited from consideration. This is most evident from the decision in J.B. ex rel. Benjamin v. Fassnacht, 801 F.3d 336 (3d Cir. 2015). There, the plaintiff challenged a policy materially similar to the one here, in all but one respect. Detainees were strip-searched, prior to a judicial hearing, regardless of the seriousness of their charges or their threat-level. The lone distinction: the policy in *Benjamin* *applied to juvenile detainees*.

If ever there was reason to deviate from *Florence*, an application involving minors would seem a compelling case. Yet the *Benjamin* Court found the policy constitutional, and it expressly rejected Plaintiffs' central premise here:

> Because officers in any detention facility have an essential interest in readily administrable rules, blanket strip search policies upon admission to the general population of a jail, regardless of whether the detainee is a juvenile or adult, make good sense. Any other policy would limit the intrusion on the privacy of some detainees but at the risk of increased danger to everyone in the facility. . . . [T]he Supreme Court addressed this type of inquiry in rejecting the . . . argument for an exclusion for non-serious offenders, [and] we similarly reject [the] argument that juveniles are to be excluded, or . . . that non-serious juvenile offenders be excluded.

*Id.* at 345-46 (emphasis added, internal quotations and citations to quoted and other sources omitted).

The only avenues available to Plaintiffs, *individually*, are the hypothetical exceptions contemplated in *Florence*. *Benjamin* at 341. They might apply when a detainee will have no "substantial contact with other detainees"; or when he or she "could be held in available facilities apart from the general population." *Id.*

---

[2] The class definition's references to putative members' pre-arraignment status and inability to post bail are subsumed in the relevant *Florence* analyses, below, and thus are inapposite.

Plaintiffs' class definition does not include aspects supporting a *Florence* exception, and this does not seem accidental. It is fairly obvious that potential exceptions require individualized inquiries, threatening a degeneration into mini-trials. Accounting for *Florence* and *Benjamin*, the impropriety of class treatment is all the more apparent.[3]

These things being said, the individual Plaintiffs have included enough allegations to pursue *Florence* exception(s). *See* Doc. 15 at ¶ 51 (Ms. Campbell never was assigned to the Jail's general population) *and id.* at ¶¶ 65-67 (the same for Mr. Boyd, and there are additional allegations regarding his time in a "classification block"). The denial of class certification is without prejudice to the named Plaintiffs' pursuit of individual claims.

Finally, the Court makes clear one point, and one expectation. The point: Plaintiffs will not be granted leave to amend their class allegations. This case was filed over two years ago, and Plaintiffs already once have amended their pleadings. They clearly articulated their theory for class treatment, and it is precluded under binding legal authority. Litigation, generally, and the class vehicle, specifically, do not invite games of "hunt the peanut." Counsel were aware of the *Florence* exceptions, or they would not have included such allegations on behalf of the individual Plaintiffs. Allowing additional amendment also would result in unfair prejudice to Defendant, and the delay is unexcused. The case may proceed only with individual claims. The class aspects are over.

---

[3] The fact-intensive, individualized inquiries required by the putative *Florence* exceptions likely informed Defendant's decision not to file a motion under Rule 12. A way around this might be to seek conversion to summary judgment, and urge that it be resolved ahead of the class aspects. To be sure, these are not casual "asks." *Cf.* Fed. R. Civ. P. 23(c)(1)(A) (class issues must be determined as "early [as] practicable"). To be convincing, counsel would have to account for the time-sensitivity (e.g., limited, expedited discovery) and demonstrate the superiority of their plan (e.g., discovery on the named plaintiffs would shed light on their adequacy and typicality as putative class representatives).

4

The Court's expectation is that this case will proceed expeditiously on Plaintiffs' individual claims.  The parties already have enjoyed an extended period for class discovery, which required investigation into the individual Plaintiffs' circumstances, for the purposes of adequacy and typicality.  Although the Court doubts that additional discovery is – or should be – necessary, any additional period must be brief, and counsel's efforts, expedited.

Consistent with the above, Plaintiffs' Motion for class certification (**Doc. 36**) is **DENIED**, and the R&R (**Doc. 51**) is adopted as the Opinion of the District Court as supplemented above.

IT IS SO ORDERED.


March 31, 2025                                              s/Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record